UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| NOVUS FRANCHISING, INC., *a Washington corporation*, | Civil No. 10-2834 (JRT/SER) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| MARK A. DEAN, *individually doing business as Novus Auto Care Center*, and JOYCE DEAN, *individually doing business as Novus Auto Care Center*, | |
| Defendants. | |

---

Cynthia M. Klause and James M. Susag, **LARKIN HOFFMAN DALY & LINDGREN LTD.**, 7900 Xerxes Avenue South, Suite 1500, Minneapolis, MN 55431, for plaintiff;

Mark A. Dean and Joyce Dean, 4703 John Stockbauer, Victoria, TX 77904, *pro se* defendants.

This matter is before the Court on objections by plaintiff Novus Franchising, Inc. ("Novus") to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Susan Richard Nelson on November 29, 2010. The R&R recommended granting in part and denying in part Novus' motion for a preliminary injunction, denying Novus' motion to strike, and denying Novus' motion to strike supplemental response. After *de novo* review of those portions of the R&R to which plaintiff objects, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2(b), the Court overrules the objections and adopts the R&R for the reasons stated below.

## BACKGROUND

In February 2000, defendants Mark A. Dean and Joyce Dean (collectively, "the Deans"), entered into a franchise agreement with Novus to operate an auto glass repair shop in the state of Texas. (Compl., Ex. A at 3–4, Docket No. 1.) The agreement defined the geographic area covered by the agreement as the Texas counties of Calhoun, Dewitt, Jackson, and Victoria. (*Id.*) The Deans agreed to a nonexclusive franchise, such that Novus had the right to grant other franchises in the same geographic area covered by the agreement. (*Id.*) In the ten-year period the agreement was in place, Novus established no other franchises in the geographic area. (R&R at 18, Docket No. 42.) The franchise agreement also contained a provision that if the Deans did not renew the franchise at the end of ten years, they were required to cease using the Novus name, return all signs and materials, change the appearance of their store, and inform their suppliers. (Compl., Ex. A at 30, Docket No. 1.) Additionally, the Deans agreed to a non-compete clause, such that for two years after the expiration of the agreement they would not operate a glass repair business in the geographic area covered by the agreement. (*Id.* at 31.)

After the ten-year period of the agreement, the Deans opted not to renew their franchise but remained in the glass repair business under the name "5 Star Auto Glass and Truck Accessories" in the same location. (Decl. of Keith Beveridge ¶ 14, July 1, 2010, Docket No. 8.) They also maintained some use of the Novus name, including a wall hanging, receipts, service manuals, and the same telephone number. (*Id.*; Decl. of Irene Henrichs ¶ 9, July 8, 2010, Docket No. 10; Decl. of Patty Finely ¶¶ 6-7, July 8, 2010, Docket No. 9.)

Novus brought claims seeking damages for trademark infringement, breach of contract, violations of Minnesota's Deceptive Trade Practices Act and the Minnesota Unlawful Trade Practices Act, unjust enrichment, unfair competition and breach of personal guarantees. Novus moved for a preliminary injunction to enforce the non-compete agreement embodied in the franchise agreement. The Magistrate Judge denied in part and granted in part the preliminary injunction, recommending that the injunction be styled after the one issued in *Novus Franchising, Inc. v. Oksendahl*, No. 07-1964, 2007 WL 2084143 (D. Minn. July 17, 2007). The *Oksendahl* injunction enjoined the defendants from using Novus' name, marks, and materials, but stopped short of enjoining the defendants from carrying on their business in a manner unconnected to Novus' products and marks. *Id.* at *5.

Novus objects to the R&R, arguing that the Magistrate Judge erred 1) in finding the *Oksendahl* case was factually similar to the instant case, 2) in its determination that the *Dataphase* factors for issuing a broader injunction were not in Novus' favor and in ordering an injunction limited to the use of its name, marks, and materials.[1] The Deans, who are proceeding *pro se*, did not respond to the objections.

---

[1] Novus also objects to the Magistrate Judge's denial of its motions to strike certain of the Deans' responses as duplicative and untimely. However, it does not offer any analysis as to why it believes the Magistrate Judge's recommendation is in error. After careful consideration, the Court finds that the cases relied upon by the Magistrate Judge are sufficiently determinative and Novus has not presented any arguments to sustain its objections. Therefore, the Court will overrule the objections and only analyze those objections substantively addressed by Novus, the objections relating to the preliminary injunction.

**LAW & DISCUSSION**

**I.** *Oksendahl*

Novus objects that the Magistrate Judge erred in determining the facts of *Oksendahl* were similar to the instant case. Novus details the many ways in which the case is factually dissimilar. (Plf.'s Obj. at 4, Docket No. 43.) The Magistrate Judge, however, noted the same factual dissimilarities: "It is true that in *Oksendahl*, the franchisees had been in the glass repair business for many years prior to entering into the Novus franchise agreement . . . [and] that the *Oksendahl* defendants did not hold themselves out as a 'Novus' named business . . . ." (R&R at 11–12, Docket No. 42.) Regardless, the Magistrate Judge determined that the factual similarities – "the same motion, the same plaintiff, the same contractual language" and similar state law (*id.* at 11.) – allowed for a similar conclusion. The Court sees no error in the Magistrate Judge's analysis of the *Oksendahl* decision and its application to the instant motion.

**II.** *Dataphase* **factors**

The remainder of Novus' objections center on the Magistrate Judge's analysis of the factors for preliminary injunctive relief. In determining whether a party is entitled to preliminary injunctive relief, the Court considers "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "[T]he question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo

until the merits are determined." *Id.* Preliminary injunctions are "extraordinary remedies," and the party seeking such relief bears the burden of establishing the *Dataphase* factors." *Lopez-Aldana v. Jarpmin*, No. 09-2479, 2009 WL 3202426, at *2 (D. Minn. Sept. 30, 2009).

### A.  Irreparable Harm

The Magistrate Judge found that Novus had not shown irreparable harm beyond that which would flow from continued use of the Novus name, marks, and materials. (R&R at 17–20, Docket No. 42.)  Novus argues the Magistrate Judge erred in finding the harm of an inability to refranchise within the geographic area of the agreement to be speculative.  (Plf.'s Obj. at 10, Docket No. 43.)  Irreparable harm as defined for the purposes of injunctive relief "must be both certain and great; it must be actual and not theoretical.  Injunctive relief will not be granted against something merely feared as liable to occur at some indefinite time . . . .  [T]he injury complained of [must be] *imminen*[t] . . . ."  *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986) (internal quotation marks and alterations omitted).

Throughout the Deans' operation as a Novus franchise, Novus established no other franchises in the relevant geographic area and has a very limited presence in Texas generally.  (R&R at 18, 5, Docket No. 42.)  Novus' relative absence from the state of Texas calls into question whether Novus has a sufficient business interest to be harmed by the continued operation of the Deans' business, so long as the Deans remove all references to Novus as the R&R recommends.  It is unlikely that customers will be confused by the Deans' continued operation since there is no other Novus operation in

the geographic area with which to be confused. Further, since Novus could have franchised in the last ten years and chose not to, the Court does not find plausible the argument that it is now hindered in franchising due to the Deans' continued operation. Novus had the burden to show imminent harm, and without such a showing, injunctive relief does not flow. *Packard Elevator*, 782 F.2d at 115.

Novus objects that the potential damage to the integrity of its franchising system constitutes irreparable harm. It argues that failure to enjoin the Deans will cause franchisees around the country to violate their non-compete agreements. However, this potential is similarly speculative. The Magistrate Judge appropriately noted that success on the merits of the claim is the proper deterrent for this potential harm, not injunctive relief. (R&R at 19, Docket No. 42); *Anytime Fitness, Inc. v. Family Fitness of Royal, LLC*, No. 09-3503, 2010 WL 145259, at *3 (D. Minn. Jan. 8, 2010) ("Th[e] concern [that without preliminary injunctive relief its franchise system would unravel] is speculative . . . . Further, success on the merits by [the plaintiff] in this case . . . would dissuade its franchisees from ignoring their agreements.").

As a result, the Court finds that the Magistrate Judge did not err in finding that the harm demonstrated by Novus is speculative. To the extent that such harm exists, it centers on the Deans' use of Novus' name, marks, and materials. Therefore, the Court finds that the *Dataphase* factor of irreparable harm weighs against defendants.

### B. Likelihood of Success

Novus objects that the Magistrate Judge erred in finding it was not likely to succeed on the merits of its trademark infringement claim and on the enforceability of the non-compete agreement.

#### 1. Trademark Claim

The Magistrate Judge found, since the Deans have represented that they have now removed all Novus marks from their business, Novus was unlikely to succeed on the merits of the trademark claim. *See Team Tires Plus, Ltd. v. Heartlein*, No. 01-1197, 2001 WL 1640068, at *2 (D. Minn. Nov. 20, 2001) (finding a trademark infringement claim unlikely to succeed because the alleged infringer had removed all marks from the business). Novus offers no substantive argument as to why this holding is in error. The Court, after careful review, agrees with the Magistrate Judge that the trademark claim is unlikely to succeed since the Deans have represented they have removed all Novus' names, marks, and materials from their business.

#### 2. Non-Compete

The franchise agreement calls for the law of Texas to govern disputes regarding the agreement. (Compl. Ex. A at 37, Docket No. 1.) Texas law, among other factors, directs a court to "examine whether the limitations on competition imposed by the non-compete covenant are reasonable and no more restrictive than necessary." *Evans Consoles Inc. v. Hoffman Video Sys., Inc.*, No. 3:01-1333, 2001 WL 36238982, at *5 (N.D. Tex. Dec. 6, 2001). The Magistrate Judge found that Novus had not demonstrated

a likelihood of success on this claim in large part since its motion focused solely on the Deans' use of the Novus name, marks, and materials, which has now allegedly ceased. (R&R at 14, Docket No. 42.) As a result, the Magistrate Judge found that the non-compete provision of the agreement – barring the Deans from operating for two years in a geographic area where there are no other Novus franchises – was more restrictive than necessary to protect Novus' interest in the goodwill attached to its name.

The Court agrees that the non-compete is likely too broad in that Novus has not demonstrated enough of a business presence in Texas or the geographic area at issue to justify the enforcement of the non-compete agreement. This determination is not to say that Novus does not have a legitimate business interest. As the Magistrate Judge acknowledged, "Novus has a legitimate interest in protecting the goodwill associated with the Novus name . . . ." (R&R at 13, Docket No. 42.) However, at the preliminary injunction stage, Novus has the burden to demonstrate the likelihood that it will successfully show that the non-compete provision is narrowly tailored to protect that interest. Here, where Novus has no other franchises in the geographic area with which the Deans would be competing, Novus has not shown a strong likelihood of succeeding on the merits of this claim. *See* Tex. Bus. & Com. Code Am. § 15.50; *see also In Re Bob Nicholas Enter., Inc.*, 358 B.R. 693, 706–07 (Bankr. S.D. Tex. 2007) (finding a non-compete covenant imposed a greater than necessary restraint when the company had gone out of business and thus had no business interests to be protected).

### C. Balance Between Parties

In consideration of the balance of harm between the parties, the Magistrate Judge limited injunctive relief to the Deans' use of Novus' name, marks, and materials since to fully enjoin the Deans would likely cause them to close down their business. (R&R at 20–21, Docket No. 42.) Novus objects that the Deans could either move outside of the geographic area or continue the others portions of their business. However, even assuming such options were viable for the Deans, Novus' lack of a business presence in the geographic area indicates that the balance of harms of a preliminary injunction still favors the Deans, particularly if enjoined from further use of Novus' name, marks, and materials.

### D. Public Interest

The Magistrate Judge noted in the R&R that the public interest requirement references the reasonableness of the non-compete covenant. (*Id.* at 21.) If the non-compete is reasonable, it is in the public interest for the Court to enforce it. This factor is not decisive, therefore, since Novus has not demonstrated a likelihood of success on the claim that the non-compete is reasonable.

In sum, where Novus carries the burden of showing satisfaction of the *Dataphase* factors, the Court concurs with the Magistrate Judge's determination that only if the Deans were to continue to operate their business utilizing Novus' name, marks, and materials has it met its burden. To that extent, a limited injunction enjoining the Deans from such usage is appropriate. Novus has failed to carry its burden of proof that a

broader injunction is necessary to protect the limited business interests that it has in the geographic area of the franchise agreement.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** plaintiff Novus' objections [Docket No. 43] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 42.]. Accordingly, **IT IS HEREBY ORDREED** that:

1. Plaintiff's Motion for a Preliminary Injunction [Docket No. 4] is **GRANTED IN PART** and **DENIED IN PART**. Defendants are enjoined from using the name, marks, and materials of Novus in the operation of their business.

2. Plaintiff's Motion to Strike [Docket No 20] is **DENIED**.

3. Plaintiff's Motion to Strike Supplemental Response [Docket No. 41] is **DENIED**.

4. In accordance with Rule 65(c) of the Federal Rules of Civil Procedure, the preliminary injunction shall become effective upon plaintiff posting a bond with the Clerk of Court in the amount of Five Thousand Dollars ($5,000.00) for the payment of such costs and damages as may be incurred or suffered by the Deans in the event they are found to have been wrongfully enjoined or restrained. Until this bond is posted, the injunction will not be effective.

DATED: March 30, 2011
at Minneapolis, Minnesota.

          s/ John R. Tunheim
          JOHN R. TUNHEIM
          United States District Judge